# IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
# IN AND FOR ST. JOHN'S COUNTY, FLORIDA

TODD KING, and JENNIFER VELEZ,

Plaintiffs,                                      CASE NO.:

vs.

ANTHEM, INC.,
ANTHEM INSURANCE COMPANIES INC.,
ANTHEM BLUE CROSS,
BLUE CROSS OF CALIFORNIA,
ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANIES INC.,
ANTHEM UM SERVICES, INC.,
BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC.,
FLORIDA BLUE and
HEALTH OPTIONS INC.,

Defendants.
_____/

## COMPLAINT

Plaintiffs, TODD KING, and JENNIFER VELEZ, who are individuals, by and through the undersigned counsel, file this Complaint against Defendants, ANTHEM, INC., ANTHEM INSURANCE COMPANIES INC., ANTHEM BLUE CROSS, BLUE CROSS OF CALIFORNIA, ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANIES INC., ANTHEM UM SERVICES, INC., BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC., FLORIDA BLUE and HEALTH OPTIONS INC., (hereinafter collectively "Defendants"), and in support thereof states as follows:

### Common Allegations

1. This is an action for money damages in excess of thirty thousand dollars ($30,000.00) exclusive of interest, costs, and attorney's fees.

2. At all times material hereto, Plaintiffs were individuals residing in St. John's County, Florida.

3. At all times material hereto, BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC. was a Florida corporation with its principal place of business in Duval County Florida.

4. All actions relevant to this dispute took place in St. John's County, Florida.

5. On or about November 16, 2015, Plaintiff Todd King (hereinafter "Mr. King") underwent sinus surgery.

6. At the time of the surgery Mr. King was insured under a health insurance policy issued by Defendants.

7. The Policy was in full force and effect and provided coverage to Mr. King.

8. Prior to the surgery, on November 9, 2015, Mr. King's medical providers received pre-authorization for the procedure from Defendants.

9. After the surgery was performed, Defendants denied the claim.

10. Plaintiff appealed the decision several times and was denied each time.

11. Plaintiffs repeatedly requested that the Defendants provide a copy of the insurance policy, but Defendants refused to do so.

12. Defendants have failed to make sufficient payment for the medical expenses incurred in relation to the November 16, 2015 surgery or Plaintiffs' claims.

13. As a result of Defendant's actions, Plaintiffs have suffered damages, including but not limited to, medical bills and expenses that were covered by the subject insurance policy.

14. Due to Defendant's refusal to pay the benefits due under the policy, Plaintiffs had to retain the undersigned counsel and have become obligated to pay reasonable attorney's fees and costs.

15. Plaintiffs have complied with all conditions precedent to bringing this action or they have been waived by Defendants.

## COUNT I – BREACH OF CONTRACT

16. Plaintiffs reallege paragraphs one (1) through (15) as though fully stated herein.

17. The subject policy of insurance represents a legal, valid, binding, and enforceable contract.

18. Plaintiffs do not have a copy of the policy to attach, but Defendants have a copy of the policy in their possession.

19. The subject policy of insurance included coverage for the type and nature of medical expenses at issue in this action.

20. Plaintiffs fulfilled all obligations and performed all duties required under the policy relating to the subject claim.

21. While all premiums were paid, and the policy was in full force and effect, Plaintiffs incurred medical bills and expenses.

22. Defendants have materially breached their contractual obligation by wrongfully denying coverage and failing to issue payment for the amount owed on this claim for expenses incurred prior to the stated effective date of termination.

23. Defendants' breach has harmed Plaintiffs by denying the benefits to which they were entitled under the terms of the insurance policy, and other damages.

24. Due to Defendant's breach of the contract, Plaintiffs have been required to retain the undersigned law firm for the prosecution of this suit and have agreed to pay reasonable attorney's fees.

**WHEREFORE**, Plaintiffs demand a trial by jury, damages, attorney's fees, costs, pre-judgment interest, and any other relief this Court deems proper.

## COUNT II – BAD FAITH

25. Plaintiff realleges paragraphs one (1) through thirty-one (15) as though fully stated herein.

26. The subject policy of insurance included coverage for the type and nature of medical expenses at issue in this action

27. Plaintiff provided Defendants with documentation evidencing his covered claim.

28. Defendants' position, taken only after the pre-authorized surgery had already been performed and Mr. King had incurred this substantial bill, is that the procedure was merely investigative.

29. Mr. King and his attorney attempted to appeal this denial decision several times, but the appeals were denied. The medical facility has also attempted to resolve the issue with Defendants directly to no avail.

30. Defendants have failed to provide any explanation as to why the surgery received pre-authorization only to be denied after the fact.

31. Defendants have failed to provide a full and complete copy of the insurance policy upon request.

32. Defendant have engaged in unfair claim settlement practices.

33. Defendants have not attempted in good faith to settle Mr. King's claim when, under all the circumstances, it could and should have done so had they acted fairly and honestly towards him or with due regard for Plaintiffs' interests.

34. Defendants failed to pay and settle the claim when they reasonably should have.

35. Defendants made material misrepresentations to insureds for the purpose and with the intent of effecting settlement of such claims, loss, or damage under such contract or policy on less favorable terms than those provided in, and contemplated by, such contract or policy.

36. Defendants failed to adopt and implement standards for the proper investigation of claims.

37. Defendants misrepresented pertinent facts or insurance policy provisions relating to coverages at issue.

38. Defendants fail to acknowledge and act promptly upon communications with respect to claims.

39. Defendants Deny claims without conducting reasonable investigations based upon available information.

40. Defendants fail to promptly provide a reasonable explanation in writing to the insured of the basis in the insurance policy, in relation to the facts or applicable law, for denial of a claim or for the offer of a compromise settlement.

41. Defendants fail to promptly notify the insured of any additional information necessary for the processing of a claim.

42. Failing to clearly explain the nature of the requested information and the reasons why such information is necessary.

43. Defendant engaged in unfair claim settlement practices

44. Defendants acted in bad faith in violation of Section 624.155 and 626.9541, and have committed the following acts which were done with such frequency as to indicate a general business practice of Defendants:

a. Failing to adopt and implement standards for the proper investigation of claims;

b. Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue;

c. Failing to acknowledge or act promptly upon communications with respect to claims; and

d. Denying claims without conducting reasonable investigations based upon available information.

e. Failing to promptly provide a reasonable explanation in writing to the insured of the basis in the insurance policy, in relation to the facts or applicable law, for denial of a claim or for the offer of a compromise settlement.

f. Failing to promptly notify the insured of any additional information necessary for the processing of a claim.

45. In light of the above, Plaintiff filed Civil Remedy Notices against Defendants.

46. Defendants failed to cure the violations under Section 624.155, Florida Statutes within 60 days of Plaintiff's filing of the Civil Remedy Notice by failing to pay the damages owed or otherwise correct the circumstances giving rise to the violations.

47. As a result of Defendants' violations of Florida law, Plaintiffs suffered damages.

48. Plaintiffs have retained the undersigned counsel and have agreed to pay reasonable attorney's fees, which are compensable in this action pursuant to Section 624.155, Florida Statutes.

**WHEREFORE**, the Plaintiffs, demand judgment against Defendants for damages, prejudgment interest, attorney's fees and costs, and further demands trial by jury on all issues so triable.

**DATED** this October 13, 2020.

SHANE M. SMITH, P.A.

*[signature]*

---

Shane M. Smith, LL.M., Esq. 107872
David F. Disston, Esq. 119133
3845 W. Eau Gallie Blvd., Ste. 104
Melbourne, Florida 32934
Phone: (321) 724-1919
E-Service/Primary Email: service@shanesmithlegal.com