# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

TODD KING and
JENNIFER VELEZ,

                Plaintiffs,

v.                                   Case No. 3:20-cv-1340-TJC-JRK

ADVANTAGE SALES &
MARKETING, LLC, et al.,

                Defendants.

_____

## REPORT AND RECOMMENDATION[1]

### I.   Status

This cause is before the Court on the following motions: Defendants Blue Cross of California d/b/a Anthem Blue Cross and Anthem Blue Cross Life and Health Insurance Company's (collectively "Anthem('s)") Motion to Dismiss Plaintiffs' Amended Complaint and Motion to Strike the Demand for a Jury Trial (Doc. No. 22; "Anthem's Motion"), filed January 20, 2021; and Defendant

---

[1]      "Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." Id. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Order (Doc. No. 3), No. 8:20-mc-100-SDM, entered October 29, 2020, at 6.

Advantage Sales & Marketing LLC's ("Advantage('s)") Motion to Dismiss Plaintiffs' Amended Complaint (Doc. No. 23; "Advantage's Motion"), filed February 8, 2021. Plaintiffs oppose the Motions. See Plaintiffs' Response in Opposition to Defendant Anthem's Motion to Dismiss Plaintiffs' Amended Complaint (Doc. No. 28; "Resp. to Anthem's Motion"), filed March 5, 2021; Plaintiffs' Response in Opposition to Defendant Advantage's Motion to Dismiss Plaintiffs' Amended Complaint (Doc. No. 25; "Resp. to Advantage's Motion"), filed March 1, 2021. With leave of Court, see Order (Doc. No. 41), Advantage filed a reply. See Defendant Advantage's Reply in Support of Its Motion to Dismiss the Amended Complaint (Doc. No. 44; "Advantage's Reply"), filed May 19, 2021.

On May 4, 2021, the Honorable Timothy J. Corrigan, Chief United States District Judge, referred the matter to the undersigned for a report and recommendation regarding an appropriate resolution. See Order (Doc. No. 41). Upon due consideration and for the reasons stated below, the undersigned recommends that the Motions be granted to the extent that Counts II, III, V, VI, VIII, and IX be dismissed without prejudice and with leave to amend, and that the demand for a jury trial be stricken.

## II.   Background

Plaintiffs, Todd King and Jennifer Velez, originally filed this case in state court on October 13, 2020 to recover benefits under a "health insurance policy

issued by Defendants." <u>See</u> Complaint (Doc. No. 4), filed November 25, 2020, at 1, 2 ¶ 6. On November 25, 2020, Anthem removed the matter to this Court, asserting the matter was governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, <u>et</u> <u>seq.</u> ("ERISA"). <u>See</u> Notice of Removal (Doc. No. 1). On January 6, 2021, Plaintiffs filed an Amended Complaint (Doc. No. 14) asserting rights under ERISA. Defendants responded to the Amended Complaint by filing the instant Motions.

The Amended Complaint alleges as follows. Mr. King underwent sinus surgery on around November 16, 2015. Amended Complaint at 2 ¶ 6. "At the time of the surgery Mr. King was insured under a health insurance policy or benefit plan issued and administered by Defendants." <u>Id.</u> ¶ 7. [2] "The Policy . . . provided coverage to Mr. King." <u>Id.</u> ¶ 8. Even though "Mr. King's medical providers received authorization for the procedure from Defendants," <u>id.</u> ¶ 9, Defendants denied "Plaintiffs' claim" (apparently for benefits associated with the surgery) "without reasonable investigations," <u>id.</u> at 3 ¶ 24.

"Defendants failed to promptly provide a reasonable explanation in writing" for the denial. <u>Id.</u> ¶ 25. "Defendants made material misrepresentations to Plaintiffs for the purpose and with the intent of denying Plaintiffs' benefits contemplated by the plan." <u>Id.</u> ¶ 21. "Defendants misrepresented and omitted

---

[2]    Although not alleged, it appears Advantage was Mr. King's employer, and Anthem was the insurer under the plan.

pertinent facts relating to the plan and the coverage at issue." Id. ¶ 22. "Plaintiffs appealed the decision several times and were denied each time." Id. at 2 ¶ 11; see also id. at 3 ¶ 17.

"Plaintiffs repeatedly requested that . . . Defendants provide a copy of the plan documents, but Defendants refused to do so." Id. at 2 ¶ 12; see also id. at 3 ¶ 20. "Defendants failed to provide a copy of the plan until . . . Defendants attached the alleged benefits plan to" the Notice of Removal. Id. at 2 ¶ 13; see Notice of Removal at Ex. 3 (Doc. No. 1-5) (Traditional PPO Plan Benefit Booklet, dated January 1, 2015 (hereinafter "Traditional Plan")). Because of Defendants' failure to provide Plaintiffs with a copy of the plan documents, "Plaintiffs were prevented from understanding their rights and responsibilities under the plan, or even who the proper parties to a litigation action would be." Id. at 3 ¶ 26.

Plaintiffs bring six counts asserting the following: a claim for benefits against Advantage (Count I) and against Anthem (Counts IV, VII); a claim for breach of fiduciary duty (or knowing participation in the breaches of a fiduciary's duties) against Advantage (Count II) and against Anthem (Counts V, VIII);[3] and a claim for statutory penalties against Advantage (Count III) and against Anthem (Counts VI, IX) for their refusal to provide the plan documents Plaintiffs requested. See id. at 4-10. In each count, Plaintiffs "demand trial by

---

[3]      For ease of discussion, unless otherwise noted, the undersigned refers to the fiduciary claims collectively as claims for breach of fiduciary duty.

jury on any issues so triable." Id. The counts asserted against each respective Defendant are identical in substance.

As discussed below, both Anthem and Advantage ask the Court to dismiss all claims brought by Ms. Velez, dismiss Plaintiffs' claims for breach of fiduciary duty and for statutory penalties, and strike the jury trial demand. Advantage additionally seeks dismissal of the Amended Complaint as a shotgun pleading.

### III.   Standard

In reviewing and deciding a motion to dismiss, "the court [generally] limits its consideration to the pleadings and exhibits attached thereto." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted); see also Contour Spa at the Hard Rock, Inc. v. Seminole Tribe of Fla., 692 F.3d 1200, 1201 (11th Cir. 2012) (in reviewing an order on a motion to dismiss, stating the Court "take[s] as true the facts alleged in [the] complaint and attached exhibits" (citation omitted)).

Ordinarily, courts may not consider matters outside the pleadings without converting the motion into one for summary judgment. SFM Holdings, Ltd. v. Banc of Am. Sec., LLC, 600 F.3d 1334, 1337 (11th Cir. 2010) (citing Fed. R. Civ. P. 12(d)). Courts, however, "may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." Id. (citation omitted). A document is "central" to a plaintiff's claim when it is "at the very heart of the plaintiff's claim." Int'l Bhd. of Teamsters v. Amerijet Int'l,

Inc., 932 F. Supp. 2d 1336, 1344 (S.D. Fla. 2013). In determining centrality, courts have also considered whether "the plaintiff would unquestionably have to offer a copy of [the document] in order to prove his or her case." McCanna v. Eagle, No. 2:08-cv-421-CEH-SPC, 2009 WL 1510159, at *2 (M.D. Fla. May 5, 2009) (unpublished) (citing Fin. Sec. Assur., Inc. v. Stephens, Inc., 500 F.3d 1276, 1285 (11th Cir. 2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Luke v. Gulley, 975 F.3d 1140, 1143 (11th Cir. 2020). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. Iqbal, 556 U.S. at 678 (citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assur., Inc. v. Stephens, Inc., 500 F.3d 1276, 1282 (11th Cir. 2007) (citing Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)). A plaintiff's factual allegations, even though taken as true and in the light most favorable to the plaintiff, must be sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

### IV.   Summary of Issues

Anthem makes the following four arguments. First, Anthem contends that Plaintiffs' claim for statutory penalties for Anthem's alleged failure to provide plan documents is due to be dismissed because Anthem is not the plan administrator. <u>See</u> Anthem's Motion at 4-7. Second, Anthem asserts Plaintiffs' claims for breach of fiduciary duty should be dismissed for the following reasons: the claims were not pled in compliance with Rule 8(a)(2), Federal Rules of Civil Procedure ("Rule(s)"); a claim for breach of a fiduciary duty cannot be asserted simultaneously with a claim for benefits; Anthem is not a fiduciary;[4] and it is a "shotgun claim" because Plaintiffs allege, in a single count, that Anthem breached a fiduciary duty and that Anthem knowingly participated in the breaches of a fiduciary's duties. <u>See</u> <u>id.</u> at 7-15. Third, Anthem argues Ms. Velez's claims should be dismissed because she has no standing and is not a real party in interest. <u>See</u> <u>id.</u> at 15-16. Fourth and last, Anthem contends Plaintiffs' demand for a jury trial should be stricken because ERISA does not afford a right to a jury trial. <u>See</u> <u>id.</u> at 17.

Like Anthem, Advantage argues that Ms. Velez has no standing and is not a real party in interest and that Plaintiffs do not have a right to a jury trial

---

[4]       Anthem's argument that it is not a fiduciary is limited to Plaintiffs' claim that Anthem breached its fiduciary duties. It does not apply to the claim that Anthem knowingly participated in the breaches of a fiduciary's duties because such a claim may be brought against non-fiduciaries. <u>See</u> Anthem's Motion at 13.

under ERISA. <u>See</u> Advantage's Motion at 3, 8. As to the claims against Advantage for breach of fiduciary duty and failure to provide plan documents, Advantage asserts that Plaintiffs fail to allege any factual allegations that support the claims. <u>See</u> <u>id.</u> at 6, 8. Additionally, with respect to the breach of fiduciary duty claims, Advantage contends (like Anthem) that such claims cannot be asserted with a claim for benefits. <u>See</u> <u>id.</u> at 7-8. Advantage also argues that the Amended Complaint is a shotgun pleading because it asserts multiple claims against multiple Defendants without specifying which Defendants are responsible for which acts or omissions. <u>See</u> <u>id.</u> at 3-5.[5]

## V.   Discussion

The undersigned makes the following findings (discussed in turn below). Ms. Velez's claims are due to be dismissed for lack of standing.[6] Dismissal of Plaintiffs' claims for breach of fiduciary duty against Defendants is appropriate because the Amended Complaint does not comply with the pleading requirements of Rule 8(a)(2). Plaintiffs' claims against Defendants for statutory penalties for failing to provide plan documents should be dismissed for failure to state a cause of action. Having recommended dismissal of the claims for breach of fiduciary duty and for statutory penalties, Plaintiffs' jury trial demand

---

[5]      Plaintiffs' arguments are summarized in turn below. <u>See</u> <u>infra</u> Section V.

[6]      Although all of Ms. Velez's claims are due to be dismissed, dismissal of her claims for breach of fiduciary duty and for statutory penalties is also warranted on alternative grounds, as set out herein.

is due to be stricken because Plaintiffs are not entitled to a jury trial for their equitable claim for unpaid benefits. As to Anthem's argument that it is not a plan administrator or a fiduciary and Advantage's argument that the Amended Complaint is a shotgun pleading, the undersigned finds dismissal is not warranted on these grounds. Based on the foregoing, only Plaintiffs' claims for benefits (unchallenged by Anthem[7] and challenged by Advantage only on the grounds that the Amended Complaint as a whole is a shotgun pleading) remain.

## A.   Ms. Velez's Claims

### 1.   Parties' Arguments

Defendants contend that all claims brought by Ms. Velez should be dismissed because there is no allegation that Ms. Velez sustained a legal injury. Anthem's Motion at 16; Advantage's Motion at 3. According to Advantage, "[a]side from her name, there is absolutely no information as to who [Ms. Velez] is, how she was allegedly harmed, or how she is involved in this action." Advantage's Reply at 1 (citation omitted).

Responding, Plaintiffs assert that Ms. Velez "was listed as a Plaintiff in the original complaint because she was potentially an interested party." Resp. to Anthem's Motion at 14; Resp. to Advantage's Motion at 4. Plaintiffs argue that because they were not provided with plan documents, they were "in the

---

[7]      Anthem does state, however, that it "disputes that Plaintiffs are entitled to such benefits and will address that issue at the appropriate time." Anthem's Motion at 9 n.4.

dark as to the necessary parties to this action, as well as their roles, rights, and responsibilities." Resp. to Anthem's Motion at 14; Resp. to Advantage's Motion at 4.

### 2. Applicable Law

Rule 17 requires that an action "be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). "An action brought by the real party in interest is one brought by the person who, according to the governing substantive law, is entitled to enforce the right." Payroll Mgmt., Inc. v. Lexington Ins. Co., 815 F.3d 1293, 1299 n.10 (11th Cir. 2016) (citation and internal quotation marks omitted).

To have standing to sue under ERISA, a plaintiff must be a participant in (or beneficiary of) a plan. See 29 U.S.C. § 1132(a)(1) (providing that "[a] civil action may be brought . . . by a participant or beneficiary"). "There are two requirements for establishing that an employee is a plan participant: he must be in, or reasonably expect to be in, covered employment and he must be or become eligible to receive a plan benefit." Willett v. Blue Cross & Blue Shield of Ala., 953 F.2d 1335, 1342 (11th Cir. 1992) (citation and internal quotation marks omitted); see 29 U.S.C. § 1002(7) (defining "participant" as "any employee or former employee . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer . . . .").

"The Supreme Court has explained that 'the term participant is naturally read to mean either employees in or reasonably expected to be in, currently covered employment or former employees who have . . . a reasonable expectation of returning to covered employment or who have a colorable claim to vested benefits.'" Lanfear v. Home Depot, Inc., 536 F.3d 1217, 1222 (11th Cir. 2008) (alteration in original) (some internal quotation marks omitted) (quoting Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 117 (1989)). To be considered a participant, "the [p]laintiff does not [necessarily] need to establish contractual entitlement to benefits." Kobold v. Aetna U.S. Healthcare, Inc., 258 F. Supp. 2d 1317, 1321 (M.D. Fla. 2003) (citing Willett, 953 F.2d 1342); see also Smith v. Wynfield Dev. Co., 238 F. App'x 451, 457 (11th Cir. 2007) (concluding "that [the plaintiff was] a 'participant' in the relevant ERISA plan, even though she was never properly enrolled in the plan"). But, a complaint must allege sufficient facts from which a court can determine whether a plaintiff qualifies as a participant.

   3.  **Analysis**

   The Amended Complaint alleges no facts indicating that Ms. Velez qualifies as a participant in or beneficiary of the plan. As noted, Mr. King allegedly underwent sinus surgery for which he is seeking plan benefits. There is no allegation, however, that Ms. Velez is claiming entitlement to any benefits under the plan or that Ms. Velez was an employee covered by the plan. See

Willett, 953 F.2d at 1342; Lanfear, 536 F.3d at 1222. Indeed, the identity of Ms. Velez is unknown as the Amended Complaint does not allege who she is. Accordingly, all claims brought by Ms. Velez are due to be dismissed for lack of standing and because she is not a real party in interest.

## B. Breach of Fiduciary Duty

### 1. Parties' Arguments

Defendants contend the Amended Complaint does not comply with Rule 8(a)(2) because Plaintiffs do not identify which ERISA provision Defendants allegedly violated or the specific conduct Defendants allegedly engaged in. Anthem's Motion at 7; Advantage's Motion at 6-7. Defendants also argue that under ERISA, Plaintiffs cannot bring an action for breach of fiduciary benefits while also asserting an action for unpaid benefits. Anthem's Motion at 8-10; Advantage's Motion at 7-8; see also Advantage's Reply at 3-5. Additionally, Anthem asserts Plaintiffs impermissibly bring two separate causes of action (breach of fiduciary duty and knowing participation in the breaches of a fiduciary's duties) in one count. Anthem's Motion at 14-15.

Responding to Defendants' arguments that the Amended Complaint does not meet the pleading requirements of Rule 8(a)(2), Plaintiffs claim they "have factually alleged numerous violations of the plan and that Defendants failed to provide plan documents in violation of [ERISA]." Resp. to Anthem's Motion at 6; Resp. to Advantage's Motion at 7-8. As to Defendants' contention that

Plaintiffs cannot simultaneously plead a claim of breach of fiduciary duty with a claim for unpaid benefits, Plaintiffs argue in substance that they may plead both causes of action because they "ple[d] them in the alternative under different theories of liability." Resp. to Anthem's Motion at 8 (emphasis omitted) (quoting Prolow v. Aetna Life Ins. Co., — F.Supp.3d —, No. 20-80545-CIV, 2021 WL 24712, at *4 (S.D. Fla. Jan. 4, 2021)); Resp. to Advantage's Motion at 10 (quoting Prolow, 2021 WL 24712, at *4). As to Anthem's contention that Plaintiffs improperly bring two separate causes of action in one count, Plaintiffs contend that Anthem "failed to cite a single ERISA case that requires allegations of breach of fiduciary duty and knowing participation [in a] breach of fiduciary duty to be pled in separate counts." Resp. to Anthem's Motion at 10.

### 2.  Applicable Law

A plan beneficiary may bring an action against "[a]ny person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by" ERISA. 29 U.S.C. § 1132(a)(2) (authorizing actions for relief under § 1109(a)); 29 U.S.C. § 1109(a) (setting out liability for breach of fiduciary duty). "Fiduciary duties imposed by ERISA include 'proper management, administration, and investment of fund assets, the maintenance of proper records, the disclosure of specified information, and the avoidance of conflicts of interest.'" Ehlen Floor Covering, Inc. v. Lamb, 660 F.3d 1283, 1287 (11th Cir. 2011) (quoting Mass. Mut. Life Ins.

Co. v. Russell, 473 U.S. 134, 142-43 (1985)). Claims for breach of fiduciary duty are not permitted if the plaintiff has an adequate remedy elsewhere under ERISA based on the same allegations and the same theory of liability. See Jones v. Am. Gen. Life & Accident Ins. Co., 370 F.3d 1065, 1073 (11th Cir. 2004) (discussing Varity Corp. v. Howe, 516 U.S. 489, 515 (1996)); Prolow, 2021 WL 24712, at *4.

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). In addition, Rule 10(b) requires that "each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense." Fed. R. Civ. P. 10(b). "The 'self-evident' purpose of these rules is 'to require the pleader to present his claims discretely and succinctly, so that[ ] his adversary can discern what he is claiming and frame a responsive pleading.'" Barmapov v. Amuial, 986 F.3d 1321, 1324 (11th Cir. 2021) (alteration in original) (quoting Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1320 (11th Cir. 2015)).

Complaints that do not comply with Rule 8(a)(2), Rule 10(b), or both "are often disparagingly referred to as 'shotgun pleadings.'" Weiland, 792 F.3d at 1320; see also Barmapov, 986 F.3d at 1324. A shotgun pleading is one that fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland, 792 F.3d at 1323; see also Auto.

Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co., 953 F.3d 707, 732 (11th Cir. 2020).

There are four types of shotgun pleadings. The first and most common type, "contain[s] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Barmapov, 986 F.3d at 1324-25 (quoting Weiland, 792 F.3d at 1321); see also Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002) (recognizing that "[t]he typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions"). The second type is one "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Barmapov, 986 F.3d at 1325 (quoting Weiland, 792 F.3d at 1322). The third type fails to "separate 'each cause of action or claim for relief' into a different count." Id. (quoting Weiland, 792 F.3d at 1323). The fourth and rarest type "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. (alteration in original) (quoting Weiland, 792 F.3d at 1323); see also Auto. Alignment & Body Serv., 953 F.3d at 732.

Shotgun pleadings make it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996). "A district court has the inherent authority to . . . dismiss a complaint on shotgun pleading grounds." Vibe Miko, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018) (citing Weiland, 792 F.3d at 1320); see also Lumley v. City of Dade City, Fla., 327 F.3d 1186, 1192 n.13 (11th Cir. 2003) (recognizing that "when faced with [a shotgun] pleading, the district court, acting on its own initiative, [may] require a repleader").

"ERISA is a comprehensive and detailed statute . . . ." Woods v. Southern Co., 396 F. Supp. 2d 1351, 1361 (N.D. Ga. 2005). For this reason, a plaintiff should generally allege the specific section of ERISA he is proceeding under. See Braden v. Util. Trailer Mfg. Co., No. 1:14-CV-635-WKW, 2014 WL 6389570, at *4 (M.D. Ala. Nov. 14, 2014) (unpublished) (dismissing a claim for breach of fiduciary duty under ERISA because the plaintiff did not "identify the section of ERISA's enforcement provisions that permit a cause of action"); Dantzler v. Cable, No. 3:15-5100-JMC-PJG, 2016 WL 4523166, at *1 (D.S.C. Aug. 12, 2016) (unpublished) (observing it was "not clear under what section of ERISA's civil enforcement provisions [the plaintiff sought] to state a cause of action against the defendants"), report and recommendation adopted sub nom. Dantzler v.

<u>Time Warner Cable</u>, No. 3:15-CV-05100-JMC, 2016 WL 4613383 (D.S.C. Sept. 6, 2016) (unpublished).

### 3. Analysis

Plaintiffs allege that each "Defendant is a plan fiduciary or a knowing participant in the breaches of the plan fiduciary's duties." Amended Complaint at 5 ¶ 39, 7 ¶ 57, 9 ¶ 75. According to Plaintiffs, each Defendant "breached its duties of prudence, loyalty, and care or was a knowing participant in the breaches of the plan fiduciary's duties of prudence, loyalty, and care." <u>Id.</u> at 5 ¶ 41, 7 ¶ 59, 9 ¶ 77. As a result, "Plaintiffs suffered a loss." <u>Id.</u> at 5, ¶ 44, 7 ¶ 62, 9 ¶ 80.

Plaintiffs' claims against Defendants for breach of fiduciary duty are due to be dismissed for failure to comply with Rule 8(a)(2). Plaintiffs do not allege the section of ERISA under which they are proceeding; and most importantly, they do not identify which fiduciary duty or duties Defendants allegedly breached (or knowingly participated in breaching). The conclusory and vague statement that each "Defendant breached its duties of prudence, loyalty, and care or was a knowing participant in the breaches of the plan fiduciary's duties of prudence, loyalty, and care," Amended Complaint at 5 ¶ 41, 7 ¶ 59, 9 ¶ 77, without more, is merely a "naked assertion[ ]," <u>Iqbal</u>, 556 U.S. at 678, that fails to adequately advise Defendants of the grounds upon which the claims rest,

Weiland, 792 F.3d at 1323. Accordingly, Plaintiffs' claims for breach of fiduciary duty (Counts II, V, VIII) are due to dismissed without prejudice.

Because the basis of Plaintiffs' claims for breach of fiduciary duty is unclear, the Court is unable to determine whether these claims and the claims for unpaid benefits are based on the same allegations or have been pled "in the alternative under different theories of liability," such that Plaintiffs may assert both. Jones, 370 F.3d at 1073; Prolow, 2021 WL 24712, at *4. If Plaintiffs wish to file a Second Amended Complaint, they "must articulate a breach of fiduciary duty that does not rest on the assertion of unpaid benefits," Prolow, 2021 WL 24712, at *5, or on the alleged failure to provide Plaintiffs with plan documents, see Brown v. Validata Comput. & Rsch. Corp., No. 2:12CV775-SRW, 2013 WL 3422477, at *4-5 (M.D. Ala. July 8, 2013) (unpublished) (dismissing breach of fiduciary duty claim because the plaintiff also brought a claim for the defendant's alleged failure to provide plan information). See Kindred Hosp. E. L.L.C. v. Blue Cross & Blue Shield of Fla., Inc., No. 3:05-cv-995-TJC-TEM, 2007 WL 601749, at *3 (M.D. Fla. Feb. 16, 2007) (unpublished) (finding that because the plaintiff had "an adequate remedy available to seek benefits pursuant to 29 U.S.C. § 1132(a)(1)(B), it ha[d] no basis under ERISA to bring a separate claim for benefits asserting a claim of breach of fiduciary duty" (collecting cases)).

In addition, if the claims for breach of fiduciary duty and for knowing participation in a fiduciary's breach are each "founded on a separate transaction

or occurrence," Plaintiffs shall ensure that any Second Amended Complaint separates the claims into separate counts, Fed. R. Civ. P. 10(b), so as "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests," Weiland, 792 F.3d at 1323.

## C.   Failure to Provide Plan Documents (Statutory Penalties)

### 1.   Parties' Arguments

Advantage contends that "Plaintiffs' claim that Advantage . . . did not timely respond to their request for plan documents must be dismissed because the Amended Complaint fails to allege[ ] facts that, if true, would support the requested relief." Advantage's Motion at 2.[8] Responding, Plaintiffs argue the Amended Complaint contains sufficient factual allegations. Resp. to Advantage's Motion at 10-11. Specifically, Plaintiffs assert their "allegation that they 'repeatedly requested the plan documents' is not conclusory, nor is the allegation that Defendants failed to provide a copy of the plan until . . . Defendants attached the alleged benefits plan to their [N]otice of [R]emoval filed on November 25, 2020." Id.

### 2.   Applicable Law

29 U.S.C. § 1024(b)(4) provides that a plan "administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest

---

[8]      As noted, Anthem's only argument for dismissal of the claim for statutory penalties is that Anthem is not a plan administrator. This argument is addressed infra pp. 23-26.

updated summary,[ ] plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated." 29 U.S.C. § 1024(b)(4). Pursuant to 29 U.S.C. § 1132(c), the plan administrator may be subject to certain statutory penalties if it "fails or refuses to comply with a request for any information which such administrator is required by [ERISA] to furnish to a participant or beneficiary . . . by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request." 29 U.S.C. § 1132(c)(1)(B).

### 3.   Analysis

Plaintiffs allege in the Amended Complaint that Defendants are subject to the penalties set out in 29 U.S.C. § 1132(c)(1). <u>See generally</u> Amended Complaint at 5-6 (Count III); <u>id.</u> at 7-8 (Count VI); <u>id.</u> at 9-10 (Count IX). In support, Plaintiffs claim they "repeatedly requested that . . . Defendants provide a copy of the plan documents," <u>id.</u> at 2 ¶ 12, but that Defendants "failed to provide the required information to Plaintiffs within 30 days of Plaintiffs' requests," <u>id.</u> at 6 ¶ 47, 7 ¶ 65, 9 ¶ 83.

Plaintiffs do not specify under what provision of ERISA Defendants were required to provide the "plan documents," but it appears it is 29 U.S.C. § 1024(b)(4), which as noted above, requires that the request be made in writing. The Amended Complaint, however, does not allege Plaintiffs' requests

were in writing. Accordingly, Plaintiffs have failed to state a cause of action against Defendants for statutory penalties under 29 U.S.C. § 1132(c)(1)(B). Counts III, VI, and IX are due to be dismissed without prejudice.[9]

## D.  Jury Trial Demand

### 1.  Parties' Arguments

Defendants argue Plaintiffs' demand for a jury trial should be stricken because "ERISA does not afford a right to a jury trial." Anthem's Motion at 17; see Advantage's Motion at 8. Responding, Plaintiffs contend only "that the jury trial request was limited to ' . . . any issues so triable,' and as such, specifically does not request a trial if not provided by law." Resp. to Anthem's Motion at 15; Resp. to Advantage's Motion at 11.

### 2.  Applicable Law

Under Rule 39(a), when a plaintiff demands a jury trial, the trial must be by jury unless "the parties or their attorneys file a stipulation to a nonjury trial or so stipulate on the record" or "the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial." Fed. R. Civ. P. 39(a)(1)-(2). "The right to trial by jury is fundamental," and courts must "indulge every reasonable presumption against waiver." Mega Life & Health

---

[9]     Because the counts asserted against Advantage are identical to those asserted against Anthem, the undersigned also recommends dismissal of the counts asserted against Anthem.

Ins. Co. v. Pieniozek, 585 F.3d 1399, 1403 (11th Cir. 2009) (citation and alteration omitted).

Notwithstanding, "[i]t is well-settled, that plaintiffs bringing ERISA claims are not entitled to jury trials under ERISA because such claims are equitable in nature." S. Fulton Dialysis, LLC v. Caldwell, 428 F. Supp. 3d 1346, 1355 (N.D. Ga. 2019) (citing Rolland v. Textron, Inc., 300 F. App'x 635, 636 (11th Cir. 2008)); see also, e.g., Broaddus v. Fla. Power Corp., 145 F.3d 1283, 1287 n.** (11th Cir. 1998) (finding district court did not err in striking jury trial demand because "[r]elief under ERISA is limited to equitable remedies" (collecting cases)).

### 3.   Analysis

Having recommended dismissal of Plaintiffs' claims for breach of fiduciary duty and for statutory penalties, the undersigned finds that Plaintiffs are not entitled to a jury trial for their equitable claim for unpaid benefits.[10] See Hunt v. Hawthorne Assocs., Inc., 119 F.3d 888, 907 (11th Cir. 1997) (recognizing that "participants suing under section 502(a)(1)(B)[, as codified in

---

[10]   Some district courts in the Eleventh Circuit have found that a plaintiff bringing a claim for breach of fiduciary duty under 29 U.S.C. § 1132(a)(2) may be entitled to a jury trial because such a claim allows for legal, non-equitable remedies. Romano v. John Hancock Life Ins. Co. (USA), No. 19-21147-CIV, 2021 WL 949939, at *5, *10 (S.D. Fla. Mar. 12, 2021) (unpublished) (collecting cases). Because the undersigned recommends dismissal of Plaintiffs' claims for breach of fiduciary duty, the Court need not address this issue.

29 U.S.C. § 1132(a)(1)(B),] are not entitled to a jury trial"). Plaintiffs' demand for a jury trial is therefore due to be stricken.

### E.   Anthem: Plan Administrator and/or Fiduciary

#### 1.   Parties' Arguments

Anthem contends it cannot be liable for breaching a fiduciary duty or for failing to provide plan documents to Plaintiffs because it is not a fiduciary[11] or a plan administrator. Anthem's Motion at 4-7, 10-11. In support, Anthem points to the Traditional Plan attached to the Notice of Removal, which designates Advantage as the "Plan Sponsor" and Anthem as "the claims administrator." Id. at 5, 10-12. According to Anthem, the Plan also states that Anthem is "not the Plan Administrator nor the administrator for purposes of ERISA." Id. at 10.

Responding, Plaintiffs assert that Anthem relies exclusively on the Traditional Plan, which is outside the four corners of the Amended Complaint. Resp. to Anthem's Motion at 2, 4-6. Plaintiffs argue that the Traditional Plan "does not mention Plaintiffs at all," id. at 5 (citation omitted), and that Defendants have not shown the Traditional Plan "is the full and complete [p]lan at issue in this litigation," id. at 2. According to Plaintiffs, the Traditional Plan "is unverified, incomplete, and is therefore disputed until discovery can confirm its validity and completeness." Id.

---

[11]    As noted above, see supra note 4, Anthem's argument that it is not a fiduciary is limited to Plaintiffs' claim that Anthem breached its fiduciary duties and does not extend to the claim that it knowingly participated in the breaches of a fiduciary's duties.

Plaintiffs state they did not attach a copy of the plan at issue to the Amended Complaint because they "were never provided a copy of the plan prior to the litigation." <u>Id.</u> at 5. Plaintiffs claim that "[t]o date, [they] have still never seen a verified full and complete copy of the [p]lan at issue in this litigation." <u>Id.</u> Plaintiffs argue, in substance, that without the relevant plan documents, they "have no way" of knowing the extent of Anthem's "discretionary authority or discretionary responsibility in the administration of such plan." <u>Id.</u> at 9-10. According to Plaintiffs, "until discovery is conducted, the parties cannot be sure who is, and who is not a necessary party to this action." <u>Id.</u> at 3.

### 2. Applicable Law

Only a plan administrator may be subject to the statutory penalties set out in 29 U.S.C. § 1132(c)(1)(B) for failing to provide plan documents pursuant to 29 U.S.C. § 1024(b)(4). <u>See</u> <u>Byars v. Coca-Cola Co.</u>, 517 F.3d 1256, 1270 (11th Cir. 2008) (finding that because the named defendant was not the plan administrator it "was not subject to document withholding penalties, as the statute only permits an award of penalties against the plan administrator . . ."); 29 U.S.C. § 1024(b)(4) (providing that "[t]he <u>administrator</u> shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary,[ ] plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated" (emphasis added)). Likewise,

the plain language of 29 U.S.C. § 1109(a) shows that only a fiduciary can be liable for breaches of "the responsibilities, obligations, or duties imposed upon fiduciaries" by ERISA. 29 U.S.C. § 1109(a).

### 3.  Analysis

Because Plaintiffs challenge the authenticity of the Traditional Plan, the undersigned cannot consider it in evaluating Anthem's Motion. See SFM Holdings, 600 F.3d at 1337. The undersigned therefore declines to recommend dismissal of the claims for breach of fiduciary duty and for statutory penalties on the ground that Anthem is not a fiduciary or a plan administrator.[12]

It is worth noting, however, that the basis (if there was any) for Plaintiffs' allegation that Defendants (which includes Anthem) "issued and administered" the plan, Amended Complaint at 2 ¶ 7, is unclear given that they claim Defendants' failure to provide the plan at issue "prevented [them] from understanding . . . who the proper parties to a litigation action would be," id. at 3 ¶ 26.[13] It is perplexing that Plaintiffs allege Anthem is a plan administrator when they essentially state they do not know who the administrator (the proper

---

[12]    As explained above, see supra pp. 12-21, these claims are nonetheless due to be dismissed on other grounds.

[13]    Although Plaintiffs repeatedly claim they do not know who the proper parties are because they do not have the plan documents, a plan's designation of the plan administrator is not dispositive of the issue. "Proof of who is the plan administrator may come from the plan document, but can also come from the factual circumstances surrounding the administration of the plan, even if these factual circumstances contradict the designation in the plan document." Hamilton v. Allen-Bradley Co., 244 F.3d 819, 824 (11th Cir. 2001) (citation omitted).

party) is. To the extent Plaintiffs argue they were never provided with a verified copy of the relevant plan, this issue may have been resolved (after Plaintiffs responded to Anthem's Motion) as Defendants were required to provide the administrative transcript to Plaintiffs no later than April 26, 2021, and the specific plan at issue may have been part of that transcript. <u>See</u> Case Management and Scheduling Order (ERISA Case) and Referral to Mediation (Doc. No. 34), entered April 13, 2021. If the issue has not been resolved and Plaintiffs wish to file a Second Amended Complaint, they shall at least ensure that all "factual contentions have evidentiary support or, <u>if specifically so identified</u>, will <u>likely</u> have evidentiary support after a reasonable opportunity for further investigation or discovery . . . ." Fed. R. Civ. P. 11(b)(3) (emphasis added).

## F.  Shotgun Pleading

### 1.  Parties' Arguments

Advantage contends the Amended Complaint, in its entirety, is a shotgun pleading because it asserts "multiple claims against multiple defendants without specifying which [D]efendants are responsible for which acts or omissions." Advantage's Motion at 3-4. Specifically, Advantage claims that "[o]ther than jurisdictional allegations, any allegations that mention a Defendant are attributed generally to all 'Defendants.'" <u>Id.</u> at 3 (citation omitted). According to Advantage, "[t]his type of pleading makes it nearly

impossible for Defendants and the Court to determine with any certainty which factual allegations give rise to which claims for relief and it patently violates Rule 8." Id. at 4-5 (citations omitted).

Responding, Plaintiffs point out that this Court "very recently ruled on this exact issue and found that '[w]here—as here—the role of each defendant is not unique and determinative of the defendant's liability, group pleading is acceptable.'" Resp. to Advantage's Motion at 6-7 (quoting Diamond Resorts U.S. Collection Dev., LLC v. Sumday Vacations, LLC, No. 6:19-cv-982-WWB-DCI, 2020 WL 3250130, at *2 (M.D. Fla. Feb. 21, 2020) (unpublished)). Plaintiffs assert that in Diamond Resorts, the Court recognized that the plaintiff's amended complaint "sufficiently allege[d] that [the d]efendants engaged in the same or similar conduct and would have the same or similar liability for the alleged claims." Id. at 7 (quoting Diamond Resorts, 2020 WL 3250130, at *2). Plaintiffs argue that like the plaintiff in Diamond Resorts, they have properly "alleged that all . . . Defendants engaged in the same conduct . . . ." Id.

## 2. Applicable Law

As noted above, one of the types of shotgun pleadings is one that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Barmapov, 986 F.3d at 1325 (quoting Weiland, 792 F.3d at 1323). However, "[t]he fact that defendants are accused

collectively does not render the complaint deficient" if "[t]he complaint can be fairly read to aver that all defendants are responsible for the alleged conduct." Kyle K. v. Chapman, 208 F.3d 940, 944 (11th Cir. 2000); see also Diamond Resorts, 2020 WL 3250130, at *2 (recognizing that "group pleading" is permissible in certain circumstances, such as when "the role of each defendant is not unique and determinative of the defendant's liability . . . ." (citation omitted)); Magnum Constr. Mgmt., LLC v. WSP USA Sols., Inc., — F.Supp.3d —, No. 20-24684-CIV, 2021 WL 799448, at *3 (S.D. Fla. Mar. 2, 2021) (finding that because the complaint alleged that at least one defendant was "a separate, legally distinct entity, the [c]omplaint's allegations against [the d]efendants . . . impermissibly lump[ed] them together and render[ed] the [c]omplaint a shotgun pleading" (collecting cases)).

### 3.  Analysis

The Amended Complaint brings the same counts against each Defendant and each respective count is identical. Throughout the Amended Complaint, Plaintiffs collectively refer to Defendants, without differentiating among them. The undersigned recognizes there is a dispute about whether Anthem is the plan administrator, but based on the Amended Complaint alone, it is unclear whether Defendants are distinct entities such that they could not all be responsible for the same conduct. This is because the Amended Complaint alleges that all Defendants: "issued and administered" the plan at issue,

Amended Complaint at 2 ¶ 7; "denied the claim," <u>id.</u> at 2 ¶ 10; and are plan fiduciaries, <u>id.</u> at 5 ¶ 39, 7 ¶ 57, 9 ¶ 75. Because of these allegations, which essentially state Defendants' roles are not unique, the Amended Complaint technically (and barely) survives dismissal under Rule 8(a)(2). However, if Plaintiffs now have a copy of the plan at issue, Plaintiffs should file a Second Amended Complaint, properly differentiating among Defendants.

## VI.   Conclusion

Based on the foregoing, Plaintiffs' claims—except for Mr. King's claims for unpaid benefits—are due to be dismissed without prejudice, and the jury trial demand is due to be stricken. Although some claims remain, the undersigned recommends that Plaintiffs be given an opportunity to file a Second Amended Complaint in light of the issues set out above.

Accordingly, it is

**RECOMMENDED**:

1.      That Defendants Blue Cross of California d/b/a Anthem Blue Cross and Anthem Blue Cross Life and Health Insurance Company's Motion to Dismiss Plaintiffs' Amended Complaint and Motion to Strike the Demand for a Jury Trial (Doc. No. 22) and Defendant Advantage Sales & Marketing LLC's Motion to Dismiss Plaintiffs' Amended Complaint (Doc. No. 23) be **GRANTED in part** and **DENIED in part**.

2.      That the Motions be **GRANTED** to the following extent:

     A.      That Jennifer Velez's claims be **DISMISSED without prejudice**;

     B.      That  Counts II, III, V, VI, VIII, and IX be **DISMISSED without prejudice**; and

     C.      That Plaintiffs' demand for a jury trial be **STRICKEN**.

3.      That the Motions be otherwise **DENIED**.

4.      That Plaintiffs, at their option, shall have **fourteen (14) days** after an Order is entered on this Report and Recommendation to file a Second Amended Complaint.

5.      That if Plaintiffs file a Second Amended Complaint, Defendants shall respond within the time permitted under the Federal Rules of Civil Procedure.

6.      That if Plaintiffs do not file a Second Amended Complaint, Defendants shall file a responsive pleading to the remaining counts (I, IV, and VII) no later than **fourteen (14) days** after the deadline for Plaintiffs to file a Second Amended Complaint.

     **RESPECTFULLY RECOMMENDED** in Jacksonville, Florida on July 8, 2021.

_____
JAMES R. KLINDT
United States Magistrate Judge

bhc
Copies to:

Honorable Timothy J. Corrigan
Chief United States District Judge

Counsel of Record